UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,

    Plaintiff,

v.

M. PIZANO, et al.,

    Defendants.

Case No. 15-cv-00686-JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against correctional officers at Salinas Valley State Prison. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before July 25, 2015.[1]

## DISCUSSION

**A.   Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Compl. at 4.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

1 monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges after his suicide attempt he was housed in the mental health unit of Salinas Valley State Prison rather than in his usual cell. During his absence, Correctional Officer Pizano conducted an impermissible cell search, unlawfully packed up his personal property, and stored it in a staff bathroom. Some time after that, the property was stolen and destroyed by the second and third watch porters. These allegations give rise to his first claim in which he alleges that Pizano and unnamed porters deprived him of his property, entitling him to relief under section 1983.

His second claim is that in a separate Pizano and other correctional officers (S. Hampton, Nunez, Perez and Mora) threw out his legal documents and threatened to place him in administrative segregation in retaliation for filing grievances against staff.

1 	The first claim is DISMISSED without leave to amend.  Neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was, as was alleged here, random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process.  *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Because these property claims cannot be cured by amendment, the dismissal is without leave to amend.  Plaintiff may wish to pursue this claim in state court.

	Plaintiff's second claim is DISMISSED with leave to amend.  Mere denial of access to the courts is not sufficient to state a claim.  A plaintiff must demonstrate that the denial caused him an actual injury by hindering his efforts to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996).  Here, plaintiff fails to detail what his lawsuit was about, nor specify what the legal documents were or how their deprivation directly and specifically hindered his prosecution of his suit.  Without such information, the Court cannot determine whether the deprivation caused him an actual injury by hindering him from pursuing a nonfrivolous legal claim.

	Furthermore, plaintiff fails to allege specific facts showing that the officers' acts, if committed, were retaliatory.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's actions.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997).

Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). Plaintiff's conclusory allegations do not meet these standards.

Also, it is not sufficient to say that the officers threatened to retaliate against him by placing him in administrative segregation. Plaintiff must provide details such as names, dates, places, a summary of the language used in order to comply with the following standard, and specific reasons these officers would retaliate. What were the grievances about? Were these officers named in the grievances? Were they retaliating on behalf of others? Plaintiff must allege specific facts to answer these questions and to comply with the following standard. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

## CONCLUSION

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before July 25, 2015.** The first amended complaint must include the caption and civil case number used in this order (15-0686 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior

4

1 complaint by reference. Any claims not raised in the amended complaint will be deemed
2 waived. Failure to file an amended complaint in accordance with this order will result in
3 dismissal of this action without further notice to plaintiff.

4     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
5 informed of any change of address by filing a separate paper with the clerk headed "Notice
6 of Change of Address." He must comply with the Court's orders in a timely fashion or ask
7 for an extension of time to do so. Failure to comply may result in the dismissal of this
8 action pursuant to Federal Rule of Civil Procedure 41(b).

9     Plaintiff's motion to file a supplemental amended complaint (Docket No. 7) is
10 DENIED as moot. He may incorporate his supplemental material into the amended
11 complaint.

12     The Clerk shall terminate Docket No. 7.

13     **IT IS SO ORDERED.**

15 **Dated:** June 22, 2015

                                                  JOSEPH C. SPERO
                                                  Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,

    Plaintiff,

v.

M. PIZANO, et al.,

    Defendants.

Case No. 15-cv-00686-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antoine L. Ardds ID: P-59915
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: June 22, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to Chief Magistrate JOSEPH C. SPERO