UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,
   Plaintiff,

v.

M. PIZANO, et al.,
   Defendants.

Case No. 15-cv-00686-JCS (PR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against correctional officers at Salinas Valley State Prison. The original complaint was dismissed with leave to amend. The first amended complaint is likewise dismissed with leave to file a second amended complaint on or before February 22, 2016.

## DISCUSSION

**A. Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

    **1.     Original Complaint**

In the original complaint, plaintiff raised two claims. In the first, plaintiff alleged that while he was housed in the mental health unit of Salinas Valley State Prison, Correctional Officer Pizano conducted an impermissible cell search, unlawfully packed up his personal property, and stored it in a staff bathroom. Some time after that, the property was stolen and destroyed by second and third watch porters.

In the second claim, plaintiff alleged that Pizano and other correctional officers (S. Hampton, Nunez, Perez and Mora), threw out his legal documents and threatened to place him in administrative segregation in retaliation for filing grievances against staff.

The Court dismissed the first claim <u>without</u> leave to amend because the availability of an adequate state post-deprivation remedy for the random and unauthorized deprivation of property, e.g., a state tort action, precludes relief under section 1983. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

2

The Court dismissed the second claim with leave to amend. Plaintiff was instructed that he needed to allege specific facts showing that defendants' actions caused him an actual injury by hindering his efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996). He was also instructed that he had to allege specific facts showing that the officers' acts, if committed, were retaliatory under *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 2. First Amended Complaint

In the first amended complaint, plaintiff realleges his claim regarding the deprivation of property. This claim, which he lacked permission to raise again, is DISMISSED for the reasons stated in the previous screening order.

Plaintiff raises his retaliation claim again, and asserts that there were two instances. First, he alleges that during an interview regarding his grievance J. Lopez "tried to use intimidation and threats of plaintiff not receiving any reimbursement of his stolen and destroyed property items." (Am. Compl. at 9.) "Plaintiff with[drew] upon receiving these threats." (*Id.*) (The Court assumes that plaintiff means he withdrew his grievances.) Yet, he also alleges that he and Lopez "agreed upon plaintiff's relief request . . . to receive full reimbursement of all his destroyed and stolen property." (*Id.*) He also resubmitted his grievances. (*Id.*)

Plaintiff's allegations do not state a claim for relief. To state a claim for retaliation, a plaintiff must show that defendant's actions chilled the inmate's exercise of his First Amendment rights. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough. *Id.* at 569. The proper analysis is whether a person of ordinary firmness would be chilled or silenced from exercising future First Amendment rights. *Id.* Plaintiff's allegations do not meet this standard. He was not chilled or silenced, nor has he shown that he, or that a person of ordinary firmness, would be dissuaded from pursuing further grievances. Rather, he and Lopez agreed on a disposition of the matter and plaintiff refiled his grievances. Because plaintiff cannot allege facts that state a claim, this retaliation

3

claim is DISMISSED without leave to amend.

In his second claim of retaliation, he alleges that in 2014 unspecified defendants violated his First and Eighth Amendment rights by putting pepper spray into his food, which he ate without knowing it had been contaminated. Plaintiff does not name which defendants personally contaminated the food, how he came to know that defendants were the ones who contaminated his food, or how he knows that their actions were in fact retaliatory. In his amended complaint, plaintiff must correct these deficiencies.

Plaintiff also raises a new claim. He alleges that in 2014 prison guards Mora and Perez failed to protect him from his violent cellmate. This claim is DISMISSED without prejudice. It is unrelated by fact or law to any of the claims raised in either complaint. If plaintiff wishes to pursue this claim in federal court, he must file a separate civil rights action. A blank complaint form will be sent to him.

## CONCLUSION

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before February 22, 2016.** The second amended complaint must include the caption and civil case number used in this order (15-0686 JCS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his SECOND AMENDED COMPLAINT all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

Plaintiff may not reallege his property deprivation claim, his claim against Lopez, or his failure-to-protect claim. If these or any other unrelated claims appear in the next complaint, they will be summarily dismissed.

4

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

If plaintiff fails to allege facts sufficient to state a claim in his second amended complaint, this suit will be dismissed.

**IT IS SO ORDERED.**

**Dated:** January 13, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PIZANO, et al.,<br><br>    Defendants. | Case No.  15-cv-00686-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on January 13, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antoine L. Ardds ID: P-59915
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: January 13, 2016

    Susan Y. Soong
    Clerk, United States District Court

    By: *Karen L. Hom* (signature)
    Karen Hom, Deputy Clerk to the
    Honorable JOSEPH C. SPERO