UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br>    Plaintiff,<br>  v.<br>M. PIZANO, et al.,<br>    Defendants. | Case No. 15-cv-00686-JCS (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against correctional officers at Salinas Valley State Prison. The original and first amended complaints were dismissed with leave to amend because plaintiff failed to state claims for relief. The second amended complaint similarly fails to state a claim. Accordingly, the action is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "A plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

    **1.     Original Complaint**

In the original complaint, plaintiff raised two claims. In the first, plaintiff alleged that while he was housed in the mental health unit of Salinas Valley State Prison, Correctional Officer Pizano conducted an impermissible cell search, unlawfully packed up his personal property, and stored it in a staff bathroom. Some time after that, the property was stolen and destroyed by second and third watch porters.

In the second claim, plaintiff alleged that Pizano and other correctional officers (S. Hampton, Nunez, Perez and Mora), threw out his legal documents and threatened to place him in administrative segregation in retaliation for filing grievances against staff.

The Court dismissed the first claim <u>without</u> leave to amend because the availability of an adequate state post-deprivation remedy for the random and unauthorized deprivation of property, e.g., a state tort action, precludes relief under section 1983. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

The Court dismissed the second claim <u>with</u> leave to amend. Plaintiff was instructed that he needed to allege specific facts showing that defendants' actions caused him an actual injury by hindering his efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996). He was also instructed that he had to allege specific facts showing that the officers' acts, if committed, were retaliatory under *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 2. First Amended Complaint

In the first amended complaint, plaintiff realleged his claim regarding the deprivation of property. This claim, which he lacked permission to raise again, was dismissed for the reasons stated in the previous screening order.

Plaintiff raised his retaliation claim again, and asserted that there were two instances. First, he alleged that during an interview regarding his grievance J. Lopez "tried to use intimidation and threats of plaintiff not receiving any reimbursement of his stolen and destroyed property items." (Am. Compl. at 9.) "Plaintiff with[drew] upon receiving these threats." (*Id.*) (The Court assumed that plaintiff means he withdrew his grievances.) Yet, he also alleged that he and Lopez "agreed upon plaintiff's relief request . . . to receive full reimbursement of all his destroyed and stolen property." (*Id.*) He also resubmitted his grievances. (*Id.*)

Plaintiff's allegations did not state a claim for relief. To state a claim for retaliation, a plaintiff must show that defendant's actions chilled the inmate's exercise of his First Amendment rights. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough. *Id.* at 569. The proper analysis is whether a person of ordinary firmness would be chilled or silenced from exercising future First Amendment rights. *Id.* Plaintiff's allegations did not meet this standard. He was not chilled or silenced, nor did he show that he, or that a person of ordinary firmness, would have been dissuaded from pursuing further grievances. Rather, he and Lopez agreed on a disposition of the matter and plaintiff refiled his grievances. Because plaintiff could not allege facts that stated a claim, his retaliation

3

claim was dismissed without leave to amend.

In his second claim of retaliation, he alleged that in 2014 unspecified defendants violated his First and Eighth Amendment rights by putting pepper spray into his food, which he ate without knowing it had been contaminated. Plaintiff did not name which defendants <u>personally</u> contaminated the food, how he came to know that defendants were the ones who contaminated his food, or how he knew that their actions were in fact retaliatory. This claim was dismissed with leave to amend.

Plaintiff also raised a new claim. He alleged that in 2014 prison guards Mora and Perez failed to protect him from his violent cellmate. This claim was dismissed without leave to amend because it was unrelated by fact or law to any of the claims raised in either complaint.

### 3. Second Amended Complaint

Plaintiff raises four claims in his second amended complaint. He alleges (1) J. Lopez, E. Medina, and C. Martello, employees of Salinas Valley State Prison, failed to protect him from an unknown person putting pepper spray in his food; (2) these same persons are also liable as supervisors; (3) M. Pizano and S. Hampton used excessive force against him by putting pepper spray in his food; (4) all these persons retaliated against him for filing grievances.

Claims 1-3 are based on plaintiff's belief that someone put pepper spray in his food. However, he does not know who put pepper spray in his food. He suspects the named defendants, but puts forth no specific facts that he has personal knowledge or other evidence supporting these suspicions. These factual allegations are not sufficient to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. 544, 553-56 (2007). Accordingly, Claims 1-3 are DISMISSED without prejudice.

Claim 4 is also DISMISSED without prejudice. Plaintiff's allegations that defendants retaliated against him are either conclusory (a formulaic recitation of the cause of action, or based on unsupported speculation, e.g., the pepper spray in his food or the alleged mishandling of his property).

4

Plaintiff has been given three opportunities to state a claim --- through his original and the first and second amended complaints.  Despite these opportunities, he has failed to state any claim for relief.  It appears that he will be unable to do so.  Accordingly, the action is DISMISSED without prejudice.  If plaintiff finds additional evidence to support his claims, he may move to reopen this action.  Such a motion will not be granted unless his allegations meet the pleading standards stated above.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** July 26, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PIZANO, et al.,<br><br>    Defendants. | Case No.  15-cv-00686-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antoine L. Ardds ID: P-59915
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: July 26, 2016

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By:_____
                                                Karen Hom, Deputy Clerk to the
                                                Honorable JOSEPH C. SPERO