1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>Plaintiff,<br><br>v.<br><br>M. PIZANO, et al.,<br><br>Defendants. | Case No. 15-00686 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>(Docket No. 43) |

        Plaintiff, a California inmate, filed a <u>pro se</u> civil rights complaints under 42 U.S.C.
§ 1983 against officials at Salinas Valley State Prison ("SVSP") where he was previously
incarcerated.  The matter was originally before the Honorable Magistrate Judge Joseph C.
Spero who found that the third amended complaint, (Docket No. 26, hereafter "TAC"),
stated cognizable claims, and ordered service of the complaint on Defendants M. Pizano, J.
Lopez, E. Medina, and C. Martella.  (Docket No. 29.)  Defendants filed a motion for
summary judgment asserting that Plaintiff failed to exhaust administrative remedies, and in
the alternative, a motion to dismiss on several grounds.  (Docket No. 43, hereafter "Mot.")
Plaintiff filed an opposition, (Docket No. 46), and Defendants filed a reply, (Docket No.
53).

        With his opposition, Plaintiff submits a declaration in which he requests a

"continuance" to gather other supporting evidence to support his claims. (Docket No. 47 at 2.) Plaintiff fails to explain what additional evidence he hopes to obtain to successfully oppose Defendants' summary judgment motion or how much time he would need. Furthermore, Plaintiff's opposition appears to thoroughly address Defendants' motion, and he states in his declaration that he believes that he has "enough evidence of a material issue of facts." (Id.) Accordingly, Plaintiff's request for a continuance is DENIED.

For the reasons discussed below, Defendants' motion for summary judgment is GRANTED.[1]

## DISCUSSION

### I.    Statement of Facts and Claims[2]

#### A.    Plaintiff's Claims

Plaintiff claims that he was housed in a mental health crisis bed at SVSP after he attempted suicide on October 23, 2014. (TAC ¶ 18.) During his absence from his cell, Plaintiff asserts that Defendant M. Pizano conducted an impermissible cell search, and unlawfully packed up his personal property and stored it in plastic bags in the Unit One's staff restroom. (Id. at ¶ 19.) Based on "information and belief," Plaintiff claims that Defendant Pizano sprayed pepper spray into Plaintiff's bag of refried beans sometime between October 23 and October 29, 2014. (Id. at ¶ 20.) On October 30, 2014, after returning to his cell and retrieving his property, Plaintiff fixed himself a meal of soup and refried beans, and began to experience "burning, breathing problems, from severe throat

---

[1] After Defendants' motion was fully briefed, Judge Spero ordered this case reassigned to a district judge pursuant Williams v. King, 875 F.3d 500, 503 (9th Cir. 2017). (Docket No. 54.) On January 8, 2018, this matter was reassigned to this Court. (Docket No. 55.) On May 18, 2018, the Court gave the parties fourteen days to file any objections to Magistrate Judge Spero's previous orders. (Docket No. 58.) That deadline has now passed, and no objections have been filed. The Court has reviewed Judge Spero's previous orders and adopts them.

[2] The following facts are undisputed unless otherwise indicated.

irritation." (Id. at ¶ 32.) Plaintiff claims that Defendant Pizano acted in retaliation for submitting staff misconduct complaints. (Id. at ¶ 47.) When he filed grievances regarding the incident, Plaintiff also claims that Defendants J. Lopez, E. Medina, and C. Martella ignored his appeals. (Id. at ¶ 60.) Plaintiff claims that Defendants Lopez, Medina, and Martella acted with deliberate indifference by failing to investigate the report of staff misconduct, or discipline and restrain the actions of their subordinates. (Id.) Plaintiff also asserts that they ignored department policy and procedure and "each decided instead to cover up or delay the reporting and investigation into Defendant M. Pizano['s] chemical assault on Plaintiff." (Id. at ¶ 62.)

The Court found these allegations, liberally construed, stated cognizable claims under the First and Eighth Amendments. (Docket No. 29 at 2.)

**B. Administrative Remedies**

Plaintiff states that he gave Defendants Medina, Martella, and Lopez notice of a substantial risk of serious harm through inmate appeal No. SVSP-L-04930. (TAC ¶ 71.) Defendants submit a copy of inmate appeal No. SVSP-L-14-04930, in which Plaintiff also alleges that on October 16, 2014, "C/O Perez and C/O Mora did display deliberate indifferen[ce] when they failed to respond to several calls of 'man down 232.'" (Lomeli Decl. Supp. Summ. J., Ex. C; Docket No. 43-1.) The underlying incident was an altercation between Plaintiff and his cellmate whom Plaintiff managed to render unconscious, according to his own explanation of the event; Plaintiff's call for "man down" was on behalf of his unconscious cellmate. (Id.) This grievance was filed on October 23, 2014, which was a week before Plaintiff consumed the allegedly contaminated refried beans. Furthermore, there is no mention of any of the named Defendants in this action or any of the claims herein.

The Appeals Office's records show that only one other grievance filed in the month of November 2014 mentions the alleged contamination of refried beans: No. SVSP-L-14-05058. (Lomeli Decl. Supp. Summ. J. ¶ 9, Ex. A.) The evidence submitted by Defendants

United States District Court
Northern District of California

shows that this grievance was rejected on three different occasions – on November 3, 5, and 10, 2014 – because the appeal "involves multiple issues that do not derive from a related single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact," in violation of California Code of Regulations, Title 15, Section 3084.6(b)(8). (Id., Ex. B.) In each rejection letter, the Appeals Office advised Plaintiff to "resubmit the unrelated issues separately using separate appeals," if he so wished, and specifically advised to appeal the issue "of OC chemical agent sprayed in your refried beans" in a separate appeal. (Id.; TAC ¶ 58, 68.) There is no record that Plaintiff ever did so. Furthermore, the Appeals Office records do not indicate that Plaintiff thereafter filed any administrative grievance complaining that Defendants Martella, Medina, and Pizano failed to protect him. (Lomeli Decl. Supp. Summ. J. ¶ 12.)

## II.  Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the exist ence of an element essential to that party's case, and on which that party will bear gthe burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Cattret, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other

than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

5

exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93.

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). Under the current regulations, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. Id. § 3084.7.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17. In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge the rather than a jury should determine the facts in a preliminary proceeding. Id.

The defendant's burden is to prove that there was an available administrative ten remedy and that the prisoner did not exhaust that available administrative remedy. Id. at 1172; see id. at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once the defendant has carried that burden, the prisoner has the burden of production. Albino, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. But as required by Jones, the ultimate burden of proof remains with the defendant. Id.

Defendants assert that Plaintiff failed to exhaust administrative remedies for any of the claims raised in his complaint. (Mot. at 8.) First of all, the only administrative grievance that Plaintiff identified in his complaint, inmate appeal No. SVSP-L-14-04930, involved an altercation with his cellmate and the actions of a correctional officer who is not a party to this action. See supra at 3. Even though Plaintiff asserts in opposition that this grievance was sufficient to give notice to Defendants Lopez, Martella, and Medina regarding retaliation and harassment by Defendant Pizano, (Opp. at 4), it clearly did not since it makes no mention of Defendant Pizano. It is clear that inmate appeal No. SVSP-L-14-04930 is entirely unrelated to the allegations in this action as it contains no mention

of any of the named Defendants in this action or any of the claims against them.

Accordingly, the Court finds that inmate appeal No. SVSP-L-04930 did not exhaust any of Plaintiff's claims in this action.

The only grievance in which Plaintiff mentioned refried beans being contaminated with pepper spray was inmate appeal No. SVSP-L-14-05058. See supra at 3. However, that appeal was never accepted for review because it did not comply with regulations. Id. at 3-4. Furthermore, although he was given three opportunities to correct the defects and specifically instructed to bring the contaminated beans issue in a separate grievance, there is no evidence that Plaintiff ever did so. Id. at 4. Nor is there any record that Plaintiff ever filed a separate appeal complaining that any of the named Defendants failed to protect him or retaliated against him. Id.

In opposition, Plaintiff asserts that he gave notice to Defendants Medina and Martella about harassments and retaliatory action through inmate appeals No. SVSP-L-14-01140 and No. SVSP-L-14-01630. (Opp. at 2.) Plaintiff also asserts that both of these appeals were "granted in part." (Id.) However, a review of inmate appeal No. SVSP-L-14-01140 shows that it is unrelated to any allegations or Defendants in this action; Plaintiff alleges therein that Officer Perez, not a party to this action, used vulgar language and confiscated a jar of coffee on February 16, 2014. (Reply at 3; Lomeli Decl. Supp. Reply ¶ 8, Ex. A.) Furthermore, Plaintiff's appeal record shows that inmate appeal No. SVSP-L-14-01630 was cancelled at the first level of review on April 21, 2014, which is months before the underlying incident in this action. (Lomeli Decl. Supp. Summ. J., Ex. A at 3.) Accordingly, Plaintiff's assertion that this appeal was "granted in part" is not supported by the evidence. Contrary to Plaintiff's assertion, neither inmate appeal No. SVSP-L-14-01140 nor No. SVSP-L-14-01630 properly exhausted any of the claims in this action.

Based on the foregoing, the Court finds that Defendants have met their burden of producing evidence showing that Plaintiff failed to exhaust his administrative remedies with respect to the claims against them. Albino, 747 F.3d at 1166. Plaintiff has failed to

come forward with evidence showing that existing and generally available administrative remedies were effectively unavailable to him. Id. at 1172. Accordingly, Defendants are entitled to summary judgment under Rule 56 based on Plaintiff's failure to properly exhaust administrative remedies prior to filing suit. Id. at 1166.

## CONCLUSION

For the reasons stated above, Defendants M. Pizano, J. Lopez, E. Medina, and C. Martella's motion for summary judgment, (Docket No. 43), is **GRANTED**.[3] The claims against them are **DISMISSED** for failure to exhaust administrative remedies.

This order terminates Docket No. 43.

**IT IS SO ORDERED.**

Dated: _____6/27/18_____

EDWARD J. DAVILA
United States District Judge

Order Granting MSJ
PRO-SE\EJD\CR.15\00686Ardds_grant.msj(exh)

---

[3] Accordingly, the Court need not address Defendants' alternative motion to dismiss based on other grounds.